We have five cases on our calendar this morning, Veterans' Appeal, two patent cases, and two cases from the Court of Federal Claims. The first case is Michael Sindram v. Secretary of Veterans Affairs, 2011-7075, Ms. Helm. Good morning, Your Honors. I am Kathy Helm representing the Veterans. May it please the Court, in this case, the Department of Veterans Affairs has been a banana peel under the feet of a disabled veteran. Banana peel? The VA has tried. You mean he keeps slipping? Slipping past its duties at the veteran's expense. There are two issues of statutory interpretation on appeals, the scope of the VA's duty to assist a veteran, and the meaning of personally purchased supplies. Counsel, at page 19 of your opening brief, or of the appellee's opening brief, they say Mr. Sindram's brief does not clearly identify when he believes that his request for reimbursement came claims. This is problematic because both the duty to assist and the duty to notify attach when the VA receives a, quote, complete or substantially complete application for benefits. I think that's the core of what this fight is. When do you believe the request for reimbursement became claims? We believe the first claim arose in November 2002 when the veteran originally submitted a claim for reimbursement for repair of his water distiller. That reimbursement was given, and that claim was granted. The VA said it was later a mistake that they granted that claim, but that was the first time that the VA was aware and made the acknowledgment that the veteran was entitled to distilled water as a medical requirement. As I recall, much of what the veteran claims is from buying water at Safeway, and his claim for that amount is based entirely on a note from the Safeway manager. Do you think that's sufficient? We do, Your Honor. I think that's sufficient as a receipt. A handwritten receipt can be a form of a receipt. It doesn't need to be typed. Particularly in this case, this is the first instance on appeal here that the VA has disputed that that is not sufficient as a form of a receipt. We would argue... Well, it wasn't a receipt that was necessary. Wasn't it a regulation that he didn't comply with, which is to use VA services or someone whom the VA has contracted with, and he didn't do that? Well, the VA told him that they would pay for his medically necessary water, which is undisputed that he's required to that water, and it's undisputed that that's a benefit he should receive under Chapter 31. Hasn't the Supreme Court held that erroneously committed, a bad advice from a government official does not override a regulation or a statute that precludes it? Yes, Your Honor. The Supreme Court has held that erroneous advice given by the government cannot be used to stop the government such that it could pay monies from the public funds where those monies weren't actually due as a matter of law or statutory regulation. The argument we have here is not an estoppel argument to that extent, and equitable estoppel can in fact be applied against the government. It's not as broad as the VA would have you believe. In this case, the VA made several representations that they were not asking for the veteran to go out and contract in a preauthorized manner with some institution to get his water. They told him all he needed to do was have a VA medical doctor certify that that was a medical requirement. But you're conflating your arguments here. Why isn't this estoppel? It's not estoppel because we're not saying he's entitled to the money because they made a mistake once. That would be a traditional estoppel argument. Here we're saying he's entitled to the money because the VA failed. A traditional estoppel argument would be that he relied to his detriment on a misrepresentation. Okay. He didn't just do that, and that's not the entire basis for which we're saying he's entitled to benefits now. The VA and the court below has said that there was no duty to assist, that it never applied. And we're saying as a relatively simple, straightforward matter of statutory interpretation, that's wrong. Well, you do agree that it doesn't apply until such time as a claim is filed. Yes. Right. So a lot of the purchase of the water and the repair was done prior to a claim being filed. So why would the VA have some duty to assist him, i.e., explain that you have to purchase it through a VA-contracted medical facility or something when he didn't have a claim on file as of yet? I understand some water was purchased after the claim was filed, but the bulk of it seems to have been before the claim was filed. So why would there have been a VA duty to assist? Doesn't the statute give a precise time when the duty to assist turns on when the claim was filed? I agree with you, and that is the case. For this appeal, it's undisputed that the veteran made an advance claim for distilled water-related benefits, and that's what the decision below says, A2492. So for our purposes, we're assuming that the claim he made for distilled water-related benefits to the VA medical center was an advance claim. I don't understand. Explain to me what you mean by that. Because it was an advance claim, it means at that point, the VA duty to assist attached. So the VA didn't have a duty to assist prior to that claim being made, so all the water Well, that would be the case, but we're assuming the claim here was an advance claim. Wasn't the duty to assist applied to assisting the claimant to obtain evidence to substantiate a claim? Here, it wasn't a question of evidence, it was a question of compliance with the regulation. Well, it was only a question of compliance after the fact, after they failed to inform him of how he would get evidence. Did he not know of the regulation? In fact, no. The record indicates the veteran thought he was in complete compliance up until November 2003. Up until that point, he'd been given multiple assurances that, yes, you have done the right thing, yes, this is the way in which you were supposed to abide by getting your medical benefits, yes, we will reimburse you for those benefits over and over again. That's your best argument, except for the possible estoppel point. In other words, they led him to believe that he was in compliance. Well, yes, not only did they lead him to believe that, but when they did inform him of what he needed to do, that he needed to go to a VA medical hospital, and should he do that, then he would be entitled to these benefits. But he didn't, right? He did, in fact. They told him at the end of May in 2003 that if he went to a VA medical center and got authorization by a VA doctor, then that would be sufficient, and that's exactly what he did. He did that within a matter of days. Didn't he go to a private seller? He'd been to a private, well, his own treating physician who was at Howard University, which is part of the Chapter 31 benefits, so that would be the natural place for him to go. He did that, and then they told him, no, you need to go to a VA medical doctor, and so he did that immediately, and brought back and gave the claim to his VA counselor, and they said, okay, that's good enough. That's all you need. We will pay for this. Does the VA sell distilled water? No. I mean, so, because I'm kind of wondering, what if he had followed proper procedure, what would have been the end result? Exactly. Well, if he thought he was following proper procedure the whole time, he went to the VA hospital. They said, yes, we all agree. It's undisputed for this appeal that he's entitled to that. It's also undisputed that the VA doesn't provide it directly, so what is he to do? So I guess what the regulation says is you would contract through the government for it, though? I imagine the government could get it much cheaper than buying it at the local Safeway, for example. Couldn't they? I mean, so why shouldn't he have to follow that regulation so that it saves the government money and it results in cheaper water? I agree. He should, and he thought he was doing that, and both the regulation and the statute do not say there's a pre-authorization requirement. That word pre-authorization doesn't appear in any regulation or any statute. What the statute says, 38 U.S.C. 3115B3, is that you need a contract, agreement, or other cooperative arrangement. And as far as the veteran knew, there's no reason why other cooperative arrangement or agreement was made at the time that he went to the VA Medical Center and got certification from a VA doctor as he was instructed to do. The corresponding regulation says, as authorized on a contract or fee basis. We submit that that was, that constituted a contract or fee basis. The government told him, you're authorized. Multiple VA officials said, that's enough. We will pay. To him, why is that not an agreement? Would you like to save the rest of your time? Yes, I would like to save the rest of my time. I think you can continue, but you seem to be running down. Okay, I will bring, there's a second argument that I will reserve for rebuttal. Well, make it now. Okay. Make it now so he can respond. Okay, the second argument is that water could be considered personally purchased supplies under the regulation 38 CFR 21-220. It's a relatively simple question. Can supplies under that provision include water? We see no reason why it can't. The term supplies is defined. Books, tools, and other supplies and equipment doesn't sound like water. This is for training purposes. Yes, yes. The term supplies in 210A is defined as something that's furnished to enable a veteran to pursue rehabilitation and achieve the goals of his program. Admittedly, distilled water is an unusual satisfying of that regulation, but in this case it is. This is, water is something that he needs to pursue rehabilitation and achieve the goals of his program. Also, under the government's argument, if this were books, tools, things like hammers, they say, in order to carry out his education, what if water was required for one of his physical education class? If he needed water for part of his education for that class, I would see no problem in water being accorded here. But then it wouldn't be medically necessary. Your problem is there are two regulations, one more general and one more specific, and he seems to fall clearly under the more specific one because the water, as you have alleged and the government has admitted for purposes of appeal, was medically necessary. So, you know, isn't there some canon of statutory construction when you have a general provision and a specific provision, you always apply the specific one? Yes, I think that both could apply here. Both could, but we have to choose which one should. I don't think it's mutually inconsistent that you could apply them both at the same time. That doesn't make sense, right? Because they enacted two separate regulations which allow for separate things. For example, the supplies one allows for people to be reimbursed if it's reasonable in the end, and the other one doesn't because they want all medical things because medical stuff is important and because the government also has the VA hospitals to have to go through the VA. Whereas the supplies, maybe not quite as much because it could be more unusual things. It makes sense that it's one or the other, but not both. Well, I could imagine a circumstance in which both would apply. So the more specific one, when you have to contract through a fee basis agreement, that could have been satisfied, as we argue it was here, and the general provision could also apply such that that is also a supply. What is a supply? Water would be a supply under the more general provision. Okay. You were halfway through your time. You wish to say, so perhaps you still want to say that? Yes. Thank you, Your Honor. Mr. Austin. Thank you, Your Honor. May it please the Court. Your Honor is absolutely correct when Your Honors asks counsel that isn't this a detrimental reliance equitable estoppel case? It is, and it is governed by OPM versus Richmond. There is simply no remedy available to Mr. Sindro. The issue in this case is that before the Board and before the Vocation Rehabilitation Office and before the Veterans Court was a request for reimbursement for certain medical services. That is reflected in the record on pages for the Board, 82491 and 82487 of the Board's opinion, where the Board states... What is this veteran to do? I mean, I'm disenchanted with the government's behavior in this case. I mean, you have to admit, because to do so otherwise would make you look foolish. You have to admit that the government certainly misled the veteran on many occasions throughout this process into the belief that he would be reimbursed. I mean, not only did they mistakenly reimburse him the first time, but then in repeated confrontations, court bodies, whatever, it was reaffirmed that they would be covering these costs. And so this process is supposed to be non-adversarial. We're supposed to help the veteran. Maybe technically the duty to assist doesn't kick in until such time as the claim is filed, but I mean, this veteran seems to have been given improper information over a long period of time that led him to believe that these purchases would be reimbursed. What do we do about that? Your Honor, there is an answer to that question, and Congress provided the answer. And it's in 38 U.S.C. Section 503A. And it's a provision that we pointed out in our appellee brief, and that Mr. Syndrome in his reply brief doesn't address at all. It is the precise remedy for this type of situation. In OPM v. Richmond, the Supreme Court said that when you have an equitable case, Congress has the right to create a provision that will provide a remedy. Congress did exactly that here in 38 U.S.C. Section 503A. And what that provision says is that when a government agent makes an administrative error and that the secretary in his discretion decides that the equities require for some remedy to be available, that the secretary can provide that remedy. That said, Section 503 is not an issue before this court. It's not something that the court has a remedy to provide. It has to be a separate petition that is filed before the secretary that the secretary at his discretion can approve or not approve. That petition has not been filed. Could it still be filed, or has the time expired? I believe... It doesn't help the veteran if you make a recommendation sort of at this stage in the process that he can't benefit from. I'm not aware of any statute of limitation in that because it is an equitable provision. I'm not aware that he is precluded from doing that at all. So even if we were to find against him here, his attorney could go back and file a petition. It's your belief that she would be eligible to file that petition and he could possibly receive remuneration. That is my understanding. Now, the Veterans Court has made clear in the Smith case, along with a number of other cases, that there's no judicial review of the secretary's discretion under Section 503. Well, there's very few things that don't have judicial review. And discretion can be abused. That's what the Veterans Court has said. Because this court has not actually commented on that, although in the Jackson case, which is an unpublished decision of this court, the court did comment about the Veterans Court law, that the Veterans Court has said that. But simply, my point is, it's not part of this case. What I would be happier with, and what I think we absolutely could review, is a representation, a direct representation by the government, that the remedy of applying through petition, under the statute, under 503A, is available to this veteran. And if you tell me that Mr. Syndrome can do it, I understand you're saying then, it's purely discretionary with the secretary, but I would be really unhappy, and I think we'd have jurisdiction to look at it, if Mr. Syndrome came back to us, and said, geez, I went, and they said, no, we won't even look at it. The only thing I can tell you, Your Honor, is my understanding is that that remedy is available. I have no idea how the secretary would look at it. There are certainly... I'm not asking that. I understand that. And as Judge Moore indicated in her question, there certainly are problems with the advice that was made to the veteran here. There are other facts that can cut the other way. So I don't know how the secretary would look at this, but it's within his discretion. Your view apparently is we have to decide the case we've got. That's right. That's right. And the case we have is that these benefits are not available as a matter of law. So the duty to assist kicked in, in your view, only at the time the claim was filed. And the bulk of the water and the repair order were placed before that, right? That's right. But what about some of the water that's continuing to be purchased after the duty to assist should have kicked in? And in fact, if I understand the facts right, I don't think the distiller's been fixed even yet today. So why isn't the government assisting this veteran to take care of these issues now? Why post the claim being filed, why isn't the government telling the veteran exactly what he can do? We did. We did tell the veteran. And this is on page... Is he now getting his water through the VA facility or have you approved his independent purchase? I don't know. What I know is that he was told on page A354 of the joint appendix in the decision of January of 2004 that you are entitled to distilled water and that the way for you to obtain your distilled water is to go through the fee basis window. And he goes to the fee basis department and then they then have to arrange for a contract for him to get the distilled water. There's no evidence in the record that I'm aware of as to what he has done in follow-up to the advice that was given to him on page A354. But he's entitled to the water. The VA fee basis window has an obligation to arrange it for him because the VA, as Your Honor has indicated, does not provide distilled water. But there's simply no... The claim before the court now is for reimbursement for the water and as a matter of law, that is simply not available. It's precluded, in fact, from being provided. The only remedy is available under Section 503. The only argument that they raise, which counsel discussed at her conclusion that perhaps this would be authorized, would be under the other regulation, Section 38 CFR, Section 21.220. Section 21.220 is simply inapplicable. It just does not apply to a medical supply. In fact, the interpretation that counsel uses would directly contradict the regulation that does apply, which is Section 21.242B, which says this is the only method by which such services can be approved, i.e. through a VA facility or through a contract with a VA facility, and there is none. That's undisputed. There is no such contract. There are a number of other reasons. We talk about the inequitable results that would apply if you accept their interpretation. For example, if you have one veteran who incurs an unauthorized medical treatment, he would be precluded as a matter of law from having an equitable remedy, but under their interpretation, the same veteran who seeks medical supplies would have the remedy available under Section 21.220B. That makes no sense. That certainly wasn't contemplated by the statute. So there's a number of reasons that their argument is wrong. However, the effect of 21.220 is in Section 503. That's exact, and then the statute. The effect of that is it's not through that regulation, but the statute in the petition grants those same equitable powers that they're seeking through an inapplicable regulation. But again, the bottom line here is the decision has to be affirmed because the Veterans Court correctly concluded that the reimbursement he seeks, the $147 for the water distiller repair and the $1,481 for the water reimbursement are precluded as a matter of law, which precludes the application of the duty to assist. And even if the duty to assist did apply, it really wouldn't make any difference because even if the duty applies, it's not an end of and to itself. It has to be an end that will lead to an award, and there's simply no way to award the reimbursement that's requested in this case. I say again, as they say in the Army, Judge Lurie correctly and properly points out that we have to decide the case that's before us today, but the government keeps raising 503, so I'm taking it as a given that the government is saying a petition can be filed under 503. How it will be decided in the discretion of the Secretary is a different matter. And Your Honor, after this argument, I will make further inquiry of that, and if I receive any indication that a petition will not be received, I will notify the court immediately. Fair enough. Going back to Your Honor's questions, I do want to point one thing out with respect to when the claims were filed, and that is the claim in November of 2002 was only that claim for the one repair. That was paid, and that's gone. In May of 2003 was the first time that the government had any indication that there were any additional claims, and the claim that came in in May of 2003 was not for water. It was for an additional repair. The first notice that the government had that there was a claim for water was on page A461 of the Joint Appendix, which was in August of 2003, which is after 90-95% of the overall claim had already been made. That's the first notice the government was ever given that he wanted reimbursement for water. The only requests prior to that time were the November 2002 request for the first repair, which was paid a couple days after it was requested, erroneously, but paid. And then in May of 2003 was only the second request for repair. Never many mentions of the government for water prior to that time. Once he makes a claim requesting water, do you believe that at that point, under the duty to assist, the government has an obligation to let him know stop buying the water through Safeway. You've got to go buy it through the fee basis. You have to apply through the VA because it's a medical supply. Do you believe the government needs to put a veteran on notice, explain to them how they can have their medical needs met? Because, I mean, I can't imagine every veteran's out there reading the regulations. If you need an A sandage because your leg is bleeding, I mean, aren't you going to just run to the Safeway and maybe get it? I mean, if you're going to need A sandages over many years, perhaps at that point in time, do you think the government, as part of the duty to assist, has to do that? I think it's the nature of the request that comes in that would determine that, Your Honor. If a veteran comes to the VA and says, I want distilled water, how do I go about getting that? Yes, I think the duty to assist requires a full and accurate explanation of the process. If, on the other hand, it is presented fait accompli, I went to Safeway, I purchased 10 months of water, reimburse me. But you agree that some of the water was purchased after the date that the government was put on notice via a claim. It looks like about one month. I think he came in in October of 2003 with receipts from October of 2002 through September of 2003. But the first notice, again, we had was in August. So maybe about one month of the water would be after that notice. That's right. Why isn't he entitled to reimbursement? I mean, that's the OPM versus Richmond issue. That's the problem with that. Because the argument would be that he would be entitled to reimbursement for that one month because he detrimentally relied upon the failure to give him the proper advice in August. Now, putting aside the question of time period that would be appropriate to allow the government to give the accurate advice, it would still be a detriment federal reliance claim. And the bottom line is the government cannot provide reimbursement for unauthorized expenses, violation of the duty to assist or not. The only remedy, again, I keep coming back to would be Section 503. And if the court has no further questions, we would ask that the decision of the Veterans Court below be affirmed. Thank you, Mr. Austin. Ms. Helm has a little rebuttal time, 2.10 to be exact. Thank you, Your Honor. I just have one point to make here. The way the VA is reading the duty to assist and a failure by the VA to assist at the appropriate time reads the entire statute out of existence. The VA has just said that if the duty kicks in at a certain point and the VA does not notify and assist the veteran as it should at that point, there's no remedy under OPM v. Richmond. And that can't be. To Judge Moore's point, if we are to assume that a claim, if you believe November 2002 was not when the first claim arose and it was in fact May 2003, that is the time we would argue indisputably that the duty to assist and notify arose. And the decision below said as a matter of law that duty never existed. That's an error of law that this court should reverse. The VA has admitted what it should have done under its duty to assist, and it cited the January 2004 decision at A354 that says here's the pre-authorization fee-based program, here's how you should go about using it. And the VA has given no indication or reason why they didn't provide that advice when they should have. Did the veteran eventually go through the fee-based program to have his medical needs met? He did, Your Honor. If there's no further questions. Thank you, Ms. Helm. We will take the case under advisement. It was well argued on both sides.